EASTERBROOK, Circuit Judge,
concurring.
One question on which the parties have disagreed is whether 28 C.F.R. § 35.130(b)(7), which was promulgated under Title II of the Americans with Disabilities Act, establishes an accommodation requirement in addition to the statutory rules that prohibit disparate treatment and limit disparate impact. The district judge said “yes,” the panel said “no,” and now the en banc court says “yes.” Having written the panel’s opinion saying “no,” see 413 F.3d 642, 646-47 (7th Cir.2005), I now join the en banc opinion saying “yes,” because further consideration has led me to conclude that the right question is what this regulation means rather than what label to attach to its provisions.
The regulation provides:
A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.
A proposed accommodation is required only if it is “necessary” to “avoid discrimination”. That an alteration in zoning rules would be convenient or helpful to a plaintiff does not make the change “necessary.” Moreover, “discrimination” exists only if the zoning regulation (or other rule at issue) hurts “handicapped people by reason of their handicap, rather than ... by virtue of what they have in common with other people, such as a limited amount of money to spend” (maj. at 737, 748, 749, 751-52, 754, all quoting from Hemisphere Building Co. v. Richton Park, 171 F.3d 437, 440 (7th Cir.1999) (emphasis in original)). That was the panel’s view as well. 413 F.3d at 646.
In a brief amicus curiae filed at the court’s request, the Civil Rights Division of the Department of Justice told us that this regulation creates an accommodation requirement distinct in the sense that disparate impact may be established by case-specific as well as statistical evidence. In employment-discrimination litigation under Title VII of the Civil Rights Act of 1964 or the Age Discrimination in Employment Act, a “disparate impact” means a statistically significant adverse effect of a rule that is neutral in its terms. There is no good reason, however, why a regulation may not take a different approach to disparate-impact theories in disability-discrimination cases, where the circumstances of the affected persons may be so different — and the number of zoning or housing-code rules so numerous — that statistical analysis would be impractical. Title II does not specify a regimen for disparate-impact analysis, which means that a regulation requiring local zoning rules to yield when “necessary” to avoid applicant-specific disparate impacts that occur by reason of disability is a reasonable way to implement the statute. So I accept the Civil Rights Division’s reading of this regulation, and I understand the court’s opinion to do so too.